LDA

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ANTHONY DILUGLIO :

-VS- :C.A.NO. CA 08 55 S

THE TORO COMPANY and
HOME DEPOT U.S.A., INC.
and JOHN DOE :

COMPLAINT

**JURISDICTION**

1. Plaintiff is a resident of Rumford, Rhode Island.

2. The Toro Company, upon information and belief, is a Minnesota corporation having sufficient minimum contact in the State of Rhode Island for the purposes of this action.

3. The Defendant, Home Depot, upon information and belief, is a Georgia corporation with an Outlet located in Johnston, Rhode Island.

**COUNT I - NEGLIGENCE**

4. That some time prior to November 27, 2006 the Defendant, The Toro Company, designed, manufactured, marketed and distributed a Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001.

5. That the Defendant, The Toro Company, sold or distributed said Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001 (through Home Depot U.S.A..) in Rhode Island prior to November 27, 2006.

6. Defendant, The Toro Company, knew or in exercise of due care, should have known that members of the public, like the Plaintiff, would come in contact with said Ultra 225 blower/vacuum.

7. That on or about 11/22/06 Plaintiff was using said Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001 in the manner in which it was intended to be used when he sustained a severe injury to his left index finger causing said finger to be severely and permanently injured.

8. That at all times mentioned herein Plaintiff was in the exercise of sufficient due care and caution so as to allow recovery in this matter.

9. Plaintiff injury was a direct and proximate result of the negligence of the Defendant, The Toro Company, which negligence includes but is not limited to Defendant's failure to use due care in the design, manufacture, sale, assembly, testing, inspection, installation or distribution of said Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 25000000l.

10. Plaintiffs injury was a direct and proximate result of the negligence of the Defendant, The Toro Company, which negligence includes but it not limited to the following:

a. failure to use due care in the design, manufacture, sale, assembly, testing, inspection, installation or distribution of said Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 25000000l.

b. the designing, manufacturing, selling, assembling, testing, inspection, installing and/or distributing said Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001 and/or its component parts without attached warnings to said blower/vacuum in the manner where they would visible to any person using the blower/vacuum in the manner used by Plaintiff.

c. the designing, manufacturing, selling, assembling, testing, inspection, installing and/or distributing said Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001 and/or its component parts did not comply with existing recognized standards for safety.

11. That as a result of said negligence on the part of the Defendant, The Toro Company, Plaintiff has sustained severe, permanent injury to his body and has suffered permanent scarring and disfigurement and has suffered and continues to suffer great pain of body and mind and Plaintiff has expended and continues to expend great sums of money for medical care and treatment of said injuries and Plaintiff suffers and continues to suffer the loss of wages and earning capacity and will continue to suffer emotional distress.

12. Damages are sufficient to confer jurisdiction of the Superior Court.

WHEREFORE, Plaintiff hereby demands judgment against the Defendants, jointly and severally, plus interest, costs and attorney fees.

COUNT II - STRICT LIABILITY

13. Plaintiff hereby incorporates by reference each and every allegations contained in Paragraphs 1 through 12 of Count I above and repeats the same.

14. That the Defendant, The Toro Company, on or about November 27, 2006 was in the business of designing, manufacturing, selling, marking and/or distributing said Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001.

15. That there was a defect in the design and/or manufacture of said Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001 which made said blower/vacuum unsafe for its intended use.

16. That on or about November 27, 2006 the Plaintiff was using said Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001 in the way in which it was intended to be used and at all times was in the exercise of sufficient due care and caution when he was injured by said blower/vacuum.

17. That on or about November 27, 2006 said blower/vacuum remained substantially unchanged from the time it was designed and/or manufactured by the Defendant, The Toro Company, until the occurrence of the Plaintiff's injury.

18. That said Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001 was defective at the time the Defendant, The Toro Company's manufacture.

19. That said defective Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001 proximately caused the Plaintiff's left index finger to be severely and permanently injured.

20. That as a result of the defective Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001 and the strict liability of the Defendant, The Toro Company, the Plaintiff has sustained severe and permanent injuries

and has suffered permanent scarring, disfigurement, has suffered and continues to suffer great pain of body and mind and Plaintiff has expended and will continue to expend great sums of money for the medical care and treatment of said injuries and Plaintiff has suffered and will continue to suffer substantial loss of wages and earning capacity.

21. Damages are sufficient to confer jurisdiction of the Superior Court.

WHEREFORE, Plaintiff hereby demands judgment against the Defendants, jointly and severally, plus interest, costs and attorney fees.

COUNT III - BREACH OF WARRANTY

22. Plaintiff hereby incorporates by reference each and every allegation contained in Counts I and II above and repeats the same.

23. That on or about November 27, 2006 the Defendant, The Toro Company, expressly and impliedly warranted to the public that said Toro 225 blower/vacuum, Model No. 51598, Serial No. 250000001 was safe and proper for its ordinary purposes for which it was intended and warranted, therefore, merchantable quality and not safe for its intended purpose.

24. That Plaintiff at all times mentioned herein relied upon said expressed warranty made by the Defendant, The Toro Company.

25. That there was no caution, notice or warning of any type affixed to or in any way a part of said Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001 whatsoever at the time of the alleged injury on November 27, 2006.

26. That the Defendant, The Toro Company, breached the expressed and implied warranty and that said Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001 was not suitable for its intended purpose.

27. That notwithstanding said warranty, said Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001 was not fit for the ordinary purpose for which it was intended and, therefore, was not of merchantable quality and not safe for its intended purpose.

28. That as a result of said breaches of warranty on the part of the Defendant, The Toro Company, Plaintiff has sustained severe and permanent injuries and has suffered permanent scarring and disfigurement and has suffered and will continue to suffer great pain of body and mind and Plaintiff has expended and will continue to expend great sums of money for the medical care and treatment of said injuries and Plaintiff has suffered and will continue to suffer substantial loss of earning capacity and has and will continue to suffer emotional stress.

29. Damages are sufficient to confer jurisdiction upon the Superior Court.

WHEREFORE, Plaintiff hereby demands judgment against the Defendants, jointly and severally, plus interest, costs and attorney fees.

COUNT IV - NEGLIGENCE

30. Plaintiff hereby incorporates by reference each and every allegation contained in Count I through Count III above and repeats the same.

31. That some time prior to November 27, 2006 the Defendant, Home Depot, distributed and/or sold a Toro Ultra 225 blower/vacuum, Model No. 51598, Serial No. 250000001 in Rhode Island.

32. That Defendant, Home Depot, knew or in the exercise of due care should have known that members of the public like the Plaintiff would come in contact with said Toro Ultra 225 blower/vacuum Model No. 51598, Serial No. 250000001.

33. That on or about November 27, 2006 Plaintiff came in contact with said Toro Ultra 225 blower/vacuum Model NO. 51598, Serial No. 25000001 in the manner in which it was intended and as he was using said blower/vacuum he injured the index finger on his left hand, causing said finger to be severely and permanently injured.

34. That at all times mentioned herein the Plaintiff was in the exercise of sufficient due care and caution so as to allow recovery in this matter.

35. That the Plaintiff's aforesaid injury was a direct and proximate result of the negligence of the Defendant, Home Depot, which negligence includes but is not limited to the following:

a. failure to use due care in the respecting distribution and/or selling of said Toro Ultra 225 blower/vacuum Model No. 51598, Serial No. 250000001.

b. selling, distributing and/or inspecting said Toro Ultra 225 blower/vacuum Model No. 51598, Serial No. 250000001 without attaching warnings to said blower/vacuum in the manner where they would visible to any person using the blower/vacuum in the manner used by Plaintiff.

c. being otherwise negligent in inspecting, selling and/or distributing said Toro Ultra 225 blower/vacuum Model No. 51598, Serial No. 250000001 so that it did not comply with existing recognized standards for safety.

36. That as a direct result of said negligence on the part of the Defendant, Home Depot, Plaintiff has sustained severe permanent injuries, has suffered in permanent scarring and disfigurement and will continue to suffer great pain and body of mind. Plaintiff has expended and will continue to expend great sums of money for the medical care and treatment of said injuries and Plaintiff has suffered and will continue to suffer substantial loss of wages and earning capacity and will continue to suffer severe emotional stress.

37. Damages are sufficient to confer jurisdiction upon the Superior Court.

WHEREFORE, Plaintiff hereby demands judgment against the Defendants, jointly and severally, plus interest, costs and attorney fees.

COUNT V - STRICT LIABILITY

38. Plaintiff hereby incorporates by reference each and every allegation contained in Count I through Count IV above and repeats the same.

39. That on or about November 27, 2006 the Defendant, Home Depot, was in the business of inspecting, distributing and/or selling said Toro Ultra 225, blower/vacuum Model No. 51598, Serial No. 250000001.

40. There was a defect in the design and/or manufacture of said Toro Ultra 225 blower/vacuum Model No. 51598, Serial No. 250000001 which made said blower/vacuum unsafe for its intended use.

41. That on or about November 27, 2006 Plaintiff was using said Toro Ultra 225 blower/vacuum Model No. 51598, Serial No. 250000001 in a way in which it was intended to be used and at all times herein was in the exercise of sufficient due and caution so as to allow recovery in this matter when he was injured by said blower/vacuum.

42. That on or about November 27, 2006 the Toro Ultra 225 blower/vacuum Model No. 51598, Serial No. 250000001 was substantially unchanged from the time it was inspected, sold or distributed by the Defendant, Home Depot, at the time of Plaintiff's injuries.

43. That said Toro Ultra 225 blower/vacuum Model No. 51598, Serial No. 250000001 was defective at the time it was inspected, distributed and/or sold by the Defendant, Home Depot.

44. That on or about November 27, 2006 the defective Toro Ultra 225 blower/vacuum Model No. 51598, Serial No. 250000001 proximately caused the Plaintiff's left index finger to be severely and permanently injured.

45. That as a result of the defective Toro Ultra 225 blower/vacuum the Plaintiff sustained severe and permanent injuries and has suffered permanent scarring and disfigurement and has suffered and will continue to suffer great pain of body and mind. Plaintiff has expended and continues to expend great sums of money for medical expenses for said injuries and Plaintiff has suffered and continues to suffer emotional distress and loss of wages and/or earning capacity.

46. That damages are sufficient to confer jurisdiction upon this Superior Court.

WHEREFORE, Plaintiff hereby demands judgment against the

Defendants, jointly and severally, plus interest, costs and attorney fees.

By his Attorney,

BY:

RONALD J. RESMINI, ESQ.#0484
155 South Main St.-Suite 400
Providence, RI 02903
DATED: January 22, 2008
(401)751-8855

Plaintiff hereby demands a trial by jury.