**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANTHONY DILUGLIO | : | |
| | : | |
| VS. | : | C. A. NO. 08-55-S |
| | : | |
| THE TORO COMPANY AND | : | |
| HOME DEPOT U.S.A., INC. | : | |
| AND JOHN DOE | : | |

**ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT**

## JURISDICTION

1. Defendant Home Depot U.S.A., Inc., hereinafter referred to as "Home Depot", is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

2. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

3. Home Depot is a Georgia corporation and operates a retail location in Johnston, Rhode Island.

## COUNT I - NEGLIGENCE

4. Home Depot is without knowledge of information sufficient to form a belief as the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

5. Home Depot is without knowledge of information sufficient to form a belief as the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

6. Paragraph 6 of the Plaintiff's Complaint contains allegations that do not directly pertain to Home Depot and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

7. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

8. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

9. Paragraph 9 of the Plaintiff's Complaint contains allegations that do not directly pertain to Home Depot and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

10. Paragraph 10 of the Plaintiff's Complaint contains allegations that do not directly pertain to Home Depot and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

a. Paragraph 10a. of the Plaintiff's Complaint contains allegations that do not directly pertain to Home Depot and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

b. Paragraph 10b. of the Plaintiff's Complaint contains allegations that do not directly pertain to Home Depot and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

c. Paragraph 10c. of the Plaintiff's Complaint contains allegations that do not directly pertain to Home Depot and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

11. Paragraph 11 of the Plaintiff's Complaint contains allegations that do not directly pertain to Home Depot and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

12. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

## COUNT II - STRICT LIABILITY

13. Home Depot incorporates herein and by reference all of its responses to paragraphs 1-12 as if fully set forth herein.

14. Paragraph 14 of the Plaintiff's Complaint contains allegations that do not directly pertain to Home Depot and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

15. Denied.

16. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to their proof of this allegation, thereby denying the same.

17. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to their proof of this allegation, thereby denying the same.

18. Paragraph 18 of the Plaintiff's Complaint contains allegations that do not directly pertain to Home Depot and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

19. Denied.

20. Denied.

21. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

## COUNT III - BREACH OF WARRANTY

22. Home Depot incorporates herein and by reference all of its responses to paragraphs 1-21 as if fully set forth herein.

23. Paragraph 23 of the Plaintiff's Complaint contains allegations that do not directly pertain to Home Depot and therefore no response is required by this defendant. To the extent

this paragraph is deemed to contain factual allegations to which response is required by this defendant, Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

24. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

25. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

26. Paragraph 26 of the Plaintiff's Complaint contains allegations that do not directly pertain to Home Depot and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

27. Denied.

28. Denied.

29. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

**COUNT IV - NEGLIGENCE**

30. Home Depot incorporates herein and by reference all of its responses to paragraphs 1-29 as if fully set forth herein.

31. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

32. The allegations contained in Paragraph 32, of Count IV, not being allegations of fact, but allegations of law, require no response by Home Depot. To the extent that the allegations are construed as allegations of fact, Home Depot denies these allegations.

33. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

34. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

35. Denied.

a. Denied.

b. Denied.

c. Denied.

36. Denied

37. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

## COUNT V – STRICT LIABILITY

38. Home Depot incorporates herein and by reference all its responses to paragraphs 1-37 of the plaintiff's complaint as if fully set forth herein.

39. The allegations contained in Paragraph 39, of Count V, not being allegations of fact, but allegations of law, require no response by Home Depot. To the extent that the allegations are construed as allegations of fact, Home Depot denies these allegations.

40. Denied.

41. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

42. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

43. Denied.

44. Denied.

45. Denied.

46. Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Home Depot denies any negligence on its part.

### SECOND AFFIRMATIVE DEFENSE

The sole proximate cause of the damages alleged in plaintiff's complaint was the plaintiff's own negligence.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim fails to state a cause of action against this defendant.

### FOURTH AFFIRMATIVE DEFENSE

The damages caused to the plaintiff, if any, were occasioned by the conduct of persons or entities other than this defendant.

### FIFTH AFFIRMATIVE DEFENSE

The damages caused to the plaintiff, if any, were caused by persons, firms or corporations for whom this defendant is not legally responsible.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that the plaintiff voluntarily assumed known risks, then the plaintiff may have no recovery against this defendant.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that the product referred to in the plaintiff's complaint was altered or modified after it left the hands the of either The Toro Company or Home Depot U.S.A., Inc., then plaintiff may have no recovery against this defendant pursuant to the Rule 9 of the Rhode Island General Laws.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that the product or any of its parts, portions, components or sections was or were altered or modified subsequent to the accident referred to in the plaintiff's complaint, so that the product was not in the same condition as it was at the time of the accident, then the plaintiff is guilty of spoliation and may have no recovery against defendant.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's claim is barred either in whole or in part by the failure of the plaintiff to give reasonable notice of any alleged breach of warranty as required by R.I.G.L. §6A-2-607.

**TENTH AFFIRMATIVE DEFENSE**

Defendant may not be held liable to the plaintiff in that the product referred to in plaintiff's complaint was misused and/or abused.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent that the plaintiff to this action is guilty of any comparative fault, then any award against this defendant should be reduced pursuant to such party's percentage share of comparative fault, pursuant to Title 9 of the Rhode Island General Laws.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense of mitigation of damages, and therefore, plaintiff is precluded from recovering damages or his damages are reduced by operation of the doctrine of avoidable of consequences and assumption of the risk.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively alleges that the claims asserted in the plaintiff's complaint against defendants are barred by the "learned intermediary" doctrine, and/or the "sophisticated user" doctrine, and/or the principles of Section 388 of the Restatement (2nd) of Torts.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's cause of action is barred in whole or in part because the dangers alleged by plaintiff, if they existed at all, were open and obvious.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's cause of action is barred in whole or in part to the extent that the product that allegedly caused injury conformed to the state of the art with respect to design, development, manufacturer, production and warnings at the time of sale.

**DEFENDANT HOME DEPOT U.S.A., INC. DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

Defendant,
Home Depot U.S.A., Inc.
By its attorneys,

Higgins, Cavanagh & Cooney, LLP

/s/ Samuel C. Bodurtha
Gerald C. DeMaria (#0637)
Samuel C. Bodurtha (#7075)
The Hay Building, 4th Floor
123 Dyer Street
Providence, RI 02903-3987
(T) 401-272-3500
(F) 401-273-8780
gdemaria@hcc-law.com
sbodurtha@hcc-law.com

**CERTIFICATION**

I hereby certify that an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the United States District Court for its distribution to all counsel of record on the 25th day of February , 2008.

Ronald J. Resmini, Esq.
resminilaw@yahoo.com

Samuel C. Bodurtha, Esq.