**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANTHONY DILUGLIO | : | |
| | : | |
| VS. | : | C. A. NO. 08-55-S |
| | : | |
| THE TORO COMPANY AND | : | |
| HOME DEPOT U.S.A., INC. | : | |
| AND JOHN DOE | : | |

# ANSWER OF DEFENDANT THE TORO COMPANY TO PLAINTIFF'S COMPLAINT

## JURISDICTION

1. Defendant The Toro Company, hereinafter referred to as "Toro", is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

2. Admitted to the extent the allegation is one of fact that Toro is a Minnesota corporation. The remaining allegations in Paragraph 2 of the complaint are allegations of law and require no response by Toro.

3. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

## COUNT I
## NEGLIGENCE

4. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

5. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

6. The allegations contained in paragraph 6 of Count I, not being allegations of fact, but allegations of law, require no response by Toro. To the extent that the allegations are construed as allegations of fact, Toro denies these allegations.

7. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

8. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

9. Denied.

10. Denied.

a. Denied.

b. Denied.

c. Denied.

11. Denied.

12. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

## COUNT II
## STRICT LIABILITY

13. Toro incorporates herein and by reference all of its responses to paragraphs 1-12 as if fully set forth herein.

14. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

15. Denied.

16. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

17. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

18. Denied.

19. Denied.

20. Denied.

21. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

## COUNT III
## BREACH OF WARRANTY

22. Toro incorporates herein and by reference all of its responses to paragraphs 1-21 as if fully set forth herein.

23. Denied.

24. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

25. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

26. Denied.

27. Denied.

28. Denied.

29. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

## COUNT IV
## NEGLIGENCE

30. Toro incorporates herein and by reference all of its responses to paragraphs 1-29 as if fully set forth herein.

31. Paragraph 31 of the Plaintiff's Complaint contains allegations that do not directly pertain to Toro and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

32. Paragraph 32 of the Plaintiff's Complaint contains allegations that do not directly pertain to Toro and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Toro is without knowledge or information sufficient to form a belief as to the

truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

33. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

34. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

35. Paragraph 35 of the Plaintiff's Complaint contains allegations that do not directly pertain to Toro and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

a. Paragraph 35a. of the Plaintiff's Complaint contains allegations that do not directly pertain to Toro and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

b. Paragraph 35b. of the Plaintiff's Complaint contains allegations that do not directly pertain to Toro and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

c. Paragraph 35c. of the Plaintiff's Complaint contains allegations that do not directly pertain to Toro and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

36. Paragraph 36 of the Plaintiff's Complaint contains allegations that do not directly pertain to Toro and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

37. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

**COUNT V – STRICT LIABILITY**

38. Toro incorporates herein and by reference all their responses to paragraphs 1-37 of the plaintiff's complaint as if fully set forth herein.

39. Paragraph 39 of the Plaintiff's Complaint contains allegations that do not directly pertain to Toro and therefore no response is required by this defendant. To the extent this paragraph is deemed to contain factual allegations to which response is required by this defendant, Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

40. Denied.

41. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

42. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

43. Denied.

44. Denied.

45. Denied.

46. Toro is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore leaves plaintiff to the proof of this allegation, thereby denying the same.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Toro denies any negligence on its part.

**SECOND AFFIRMATIVE DEFENSE**

The sole proximate cause of the damages alleged in plaintiff's complaint was the plaintiff's own negligence.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim fails to state a cause of action against this defendant.

**FOURTH AFFIRMATIVE DEFENSE**

The damages caused to the plaintiff, if any, were occasioned by the conduct of persons or entities other than this defendant.

**FIFTH AFFIRMATIVE DEFENSE**

The damages caused to the plaintiff, if any, were caused by persons, firms or corporations for whom this defendant is not legally responsible.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that the plaintiff voluntarily assumed known risks, then the plaintiff may have no recovery against this defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that the product referred to in the plaintiff's complaint was altered or modified after it left the hands the of either The Toro Company or Home Depot U.S.A., Inc., then plaintiff may have no recovery against this defendant pursuant to the Rule 9 of the Rhode Island General Laws.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that the product or any of its parts, portions, components or sections was or were altered or modified subsequent to the accident referred to in the plaintiff's complaint, so that the product was not in the same condition as it was at the time of the accident, then the plaintiff is guilty of spoliation and may have no recovery against this defendant.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiff's claim is barred either in whole or in part by the failure of the plaintiff to give reasonable notice of any alleged breach of warranty as required by R.I.G.L. §6A-2-607.

**TENTH AFFIRMATIVE DEFENSE**

Defendant may not be held liable to the plaintiff in that the product referred to in plaintiff's complaint was misused and/or abused.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the plaintiff to this action is guilty of any comparative fault, then any award against this defendant should be reduced pursuant to such party's percentage share of comparative fault, pursuant to Title 9 of the Rhode Island General Laws.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of mitigation of damages, and therefore, plaintiff is precluded from recovering damages or his damages are reduced by operation of the doctrine of avoidable of consequences and assumption of the risk.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that the claims asserted in the plaintiff's complaint against defendants are barred by the "learned intermediary" doctrine, and/or the "sophisticated user" doctrine, and/or the principles of Section 388 of the Restatement (2nd) of Torts.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred in whole or in part because the dangers alleged by plaintiff, if they existed at all, were open and obvious.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred in whole or in part to the extent that the product that allegedly caused injury conformed to the state of the art with respect to design, development, manufacturer, production and warnings at the time of sale.

**DEFENDANT THE TORO COMPANY DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

Defendant,
The Toro Company
By its attorneys,

Higgins, Cavanagh & Cooney, LLP

/s/ Samuel C. Bodurtha
Gerald C. DeMaria (#0637)
Samuel C. Bodurtha (#7075)
The Hay Building, 4th Floor
123 Dyer Street
Providence, RI 02903-3987
(T) 401-272-3500
(F) 401-273-8780
gdemaria@hcc-law.com
sbodurtha@hcc-law.com

**CERTIFICATION**

I hereby certify that an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the United States District Court for its distribution to all counsel of record on the 25th day of February , 2008.

Ronald J. Resmini, Esq.
resminilaw@yahoo.com

Samuel C. Bodurtha, Esq.